IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA D. COOK,

    Plaintiff,

    v.

Civil Action 2:20-cv-781
Judge James L. Graham
Chief Magistrate Judge Elizabeth P. Deavers

JUSTIN SICILIAN, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application for Entry of Default (ECF No. 9) and Motion for Default Judgment (ECF No. 10). Federal Rule of Civil Procedure 55 sets forth the two-step sequential procedure for obtaining default judgment. A party must first apply for and obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). The Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" *Id*. "There must be effective service of process on a defendant before an entry of default can be made, however. Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Stewart v. X-Treme Elec. Scooters*, No. 1:13 CV 01535, 2015 WL 128010, at *2 (N.D. Ohio Jan. 8, 2015).

Here, Plaintiff has not effected service of process on Defendants. On February 13, 2020, the Undersigned granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and, *inter alia*, directed the United States Marshal to serve by certified mail upon Defendants a summons, a

copy of the Complaint, and a copy of that order. (ECF No. 5.)  That same day, summons was issued as to all four Defendants. (ECF No. 6.)  The docket does not reflect any return showing service has been completed.  *See* S.D. Ohio Civ. R. 4.2(b) ("The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received.") (emphasis added).  Accordingly, the Undersigned finds that the district court is without jurisdiction to make an entry of default against Defendants.

For these reasons, it is **RECOMMENDED** that the Clerk deny without prejudice the Application for Entry of Default (ECF No. 9) and it is **FURTHER RECOMMENDED** that Plaintiff's Motion for Default Judgment (ECF No. 10) be **DENIED WITHOUT PREJUDICE**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: March 6, 2020**                    /s/ *Elizabeth A. Preston Deavers*
                                           **ELIZABETH A. PRESTON DEAVERS**
                                           **CHIEF UNITED STATES MAGISTRATE JUDGE**