IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joshua D. Cook,

    Plaintiff,

  v.                             Case No. 2:20-cv-781

Justin Sicilian, et al.,

    Defendants.

### OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff Joshua D. Cook, an Ohio inmate proceeding pro se. On February 13, 2020, the magistrate judge issued an order granting plaintiff's motion to proceed in forma pauperis, and further ordered the United States Marshal to serve the defendants by certified mail. The docket reveals that on that date, the clerk prepared a summons for each of the four defendants. On March 3, 2020, plaintiff filed both an application for entry of default (Doc. 9) and a motion for default judgment (Doc. 10).

On March 6, 2020, the magistrate judge issued a report and recommendation, noting that under Fed. R. Civ. P. 55(a), a party must apply for and obtain an entry of default prior to filing a motion for default judgment. The magistrate judge observed that Rule 55(a) further provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Id. The magistrate judge concluded that because the record does not show that service of process has been completed on the defendants, this court lacks jurisdiction to enter default. The magistrate judge recommended

denying without prejudice plaintiff's application for entry and default and motion for default judgment. On March 10, 2020, plaintiff filed an objection to the report and recommendation.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The court has considered plaintiff's objection, in which he claims that the defendants have received mail from him before and are familiar with his claims. However, nothing in the objection remedies the fact that the record presently before the court does not show that service of process has been made on the defendants. "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." Stewart v. X-Treme Elec. Scooters, No. 1:13CV01535, 2015 WL 128010, at *2 (N.D. Ohio Jan. 8, 2015),

The court agrees with the report and recommendation (Doc. 11), and it is hereby adopted. Defendants' objection (Doc. 12) is denied. The application for entry of default (Doc. 9) and the motion for default judgment (Doc. 10) are denied without prejudice.

Date: March 11, 2020           s/James L. Graham
                               James L. Graham
                               United States District Judge