IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSHUA D. COOK,**

    **Plaintiff,**

                                            **Civil Action 2:20-cv-781**
                                            **Judge James L. Graham**
    **v.**                                        **Chief Magistrate Judge Elizabeth P. Deavers**

**JUSTIN SICILIAN,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of several motions filed by Plaintiff, including a Motion for Contempt (ECF No. 39), Motion to Compel (ECF No. 40), Motion to Request Subpoena (ECF No. 41), and Motion to Request Subpoena and to Request Injunction (ECF No. 43).

    **I.**    **Motion for Contempt**

First, in Plaintiff's Motion for Contempt (ECF No. 39), he represents that third-party Heather Dorsey was served with a subpoena on April 26, 2020, and failed to comply. (*Id.*) He therefore requests that the Court hold Heather Dorsey in contempt. (*Id.*)

Plaintiff is proceeding *in forma pauperis*. Consequently, pursuant to 28 U.S.C. §1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. §1915(d). This provision requires the Marshals Service to serve an indigent party's subpoena *duces tecum*. A court, however, may exercise its discretion to

screen such a subpoena request, relieving the Marshals Service of its duty when appropriate. *See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, p. 244–46 n. 21 (3d ed. 2010) (citations omitted).

Here, Plaintiff is unable to serve a subpoena on his own and must instead submit a subpoena for the Court's consideration and, if appropriate, for the Marshals Service to serve process.[1] Plaintiff did not submit the proper form and, moreover, did not attach the referenced subpoena to his Motion. Accordingly, the subpoena that Plaintiff alleges was served on Ms. Dorsey is invalid. The Motion for Contempt (ECF No. 39), therefore, is **DENIED**.

## II.     Motion to Compel

The Court next considers Plaintiff's Motion to Compel (ECF No. 40) and Defendants' Response in Opposition (ECF No. 42). Plaintiff asserts that he sent Defendants written discovery requests on March 30, 2020, and that Defendants have failed to respond and have "knowingly avoided mail that's been sent." (*Id.*)

In their response, Defendants note that they received Plaintiff's discovery requests on April 10, 2020, and that the responses were due by May 10, 2020, pursuant to the Federal Rules of Civil Procedure. (ECF No. 42.) Defendants represent that they initially responded to Plaintiff's discovery requests on May 5, 2020, and that they resubmitted their responses on May 13, 2020, as the previous version did not include the discovery questions along with their responses. (*Id.*) Defendants attach their revised responses to their Response in Opposition as Exhibit 1. (ECF No. 42-1.)

---

[1] The Clerk's Office mailed two subpoena forms (AO-88B) to Plaintiff on April 14, 2020. (*See* ECF No. 34.)

Plaintiff's Motion to Compel was filed on May 1, 2020, prior to the deadline for Defendants to respond to his requests. (ECF No. 40.) Defendants have shown that they responded to the requests in a timely manner, and Plaintiff did not file a Reply rebutting that showing. Accordingly, Plaintiff's Motion to Compel is **DENIED AS MOOT**.

### III. Motion to Request Subpoena and to Request Injunction

Plaintiff filed a Motion to Request Subpoena on May 13, 2020 (ECF No. 41), and a Motion to request Subpoena and to Request Injunction on May 21, 2020 (ECF No. 43).

As explained above, pursuant to 28 U.S.C. §1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. §1915(d). This provision requires the Marshals Service to serve an indigent party's subpoena *duces tecum*. A court, however, may exercise its discretion to screen such a subpoena request, relieving the Marshals Service of its duty when appropriate. *See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, p. 244–46 n. 21 (3d ed. 2010) (citations omitted).

Plaintiff's first Motion to Request Subpoena requests that the Court issue a subpoena to Conwell Center for medical records; to Warden Joshua Vanliker for e-messages, kite history, and medical records; and to Vinton County APA for records. (ECF No. 41.) Plaintiff's second Motion to Request Subpoena requests that the Court issue a subpoena to Securus Tech for e-messaging and kite history between November 2019 and May 2020. (ECF No. 43 at 2.) As previously noted, the Clerk's Office sent Plaintiff subpoena forms (AO-88B) on April 14, 2020. (*See* ECF No. 34). Plaintiff is **REMINDED** that he must submit a completed form if he wants the Court to consider his request to direct the Marshals Service to issue subpoenas *duces tecum*

3

to any third parties. Because Plaintiff did not submit the required forms, his Motions (ECF No. 41, 43) are **DENIED**.

Plaintiff's second Motion (ECF No. 43) is also a request for an injunction requiring Defendants to respond to his discovery requests. As discussed above in relation to Plaintiff's Motion to Compel, Defendants have now responded to Plaintiff's request. (*See* ECF No. 42-1.) Accordingly, Plaintiff's Motion for Injunction (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED.**


**Date: June 23, 2020**               */s/ Elizabeth A. Preston Deavers*
                                      **ELIZABETH A. PRESTON DEAVERS**
                                      **CHIEF UNITED STATES MAGISTRATE JUDGE**