**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOSHUA D. COOK,**

    **Plaintiff,**

                                                    Case No. 2:20-cv-781
                                                    Judge James L. Graham
    vs.                                              Chief Magistrate Judge Elizabeth P. Deavers

**JUSTIN SICILIAN,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for a Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 1). (ECF No. 44.) Plaintiff did not file a Response.[1] For the following reasons, the Undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED**.

### I. BACKGROUND

Plaintiff, proceeding without the assistance of counsel, initiated this action on February 11, 2020, alleging medical deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 1.) Plaintiff named four Defendants in this action, all of whom appear to be employees of the STAR Community Justice Center in Nelsonville, Ohio: Justin

---

[1] Defendants filed their Motion to Dismiss on June 19, 2020. (ECF No. 44.) On July 22, 2020, Plaintiff filed a Notice of Change of Address. (ECF No. 49.) On August 19, 2020, Plaintiff filed a Status Report (ECF No. 50) and a Motion for ECF Access (ECF No. 51). The next day, this Court ordered that "[i]f Plaintiff intends to file a response to the Motion [to Dismiss], he shall file a motion for leave to file an untimely memorandum in opposition, demonstrating good cause, together with his response, by SEPTEMBER 10, 2020. Plaintiff is CAUTIONED that failure to respond may result in the granting of Defendants' Motion." (ECF No. 53.) To date, Plaintiff has not filed a response to the Motion to Dismiss.

Sicilian; "Ms. Hacker"; "Ms. Rife"; and an unidentified "Nurse – LPN Tims." (*Id.* at PAGEID # 3.) Plaintiff's Complaint does not indicate whether he is suing Defendants in their official or individual capacity. (*See generally* ECF No. 1.)

Specifically, Plaintiff alleges that in December 2019 and January 2020, he felt his seizure medication "was not working," and Defendants denied his request to be seen by a "doctor of competency" and advised him to continue taking his seizure medication. (*Id.* at PAGEID ## 5-6.) Plaintiff alleges "that led to an injury later," and alleges that he "was violated" by Defendants' decision. (*Id.* at PAGEID # 5.) Plaintiff alleges that Defendants "unnecessarily and wantonly inflicted pain on [him] . . . by acting with [deliberate] indifference towards [his] serious medical needs." (*Id.* at PAGEID # 6.)

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc*., 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the

nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

Defendants argue the Complaint should be dismissed in its entirety for three reasons: (1) Plaintiff's Complaint fails to state a claim for relief, as it fails to allege facts to demonstrate that Defendants were personally involved in the alleged constitutional violation and Plaintiff fails to allege an injury; (2) Defendants are entitled to qualified immunity; and (3) Plaintiff fails to allege a valid *Monell* claim. (ECF No. 44.) Plaintiff, who is proceeding without counsel, has failed to respond to these arguments.[2] The Court will address these arguments in turn.

**A.    Failure to State a Claim Upon Which Relief May Be Granted**

    **1.    Defendants' Involvement**

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub*

---

[2] Due to Plaintiff's *pro se* status, this Court declines to analyze whether Plaintiff has abandoned his claims by failing to respond to Defendants' Motion to Dismiss, an issue that has been thoroughly explored in this Circuit. *See, e.g., Tonkovich v. Gulfport Energy Corp.*, No. 2:12-CV-38, 2012 WL 6728348, at *2 (S.D. Ohio Dec. 28, 2012) (collecting cases).

*nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).  As a general rule, a plaintiff proceeding under Section 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).  Mere negligence is not actionable under Section 1983.  *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

As a preliminary matter, Section 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity.  Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights.  42 U.S.C. § 1983.  State officials acting in their official capacity are not "persons" under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, to the extent that Plaintiff brings his Section 1983 claims against Defendants in their official capacity, they are not cognizable.  *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that Section 1983 claims against agents of the state in their official capacity are not cognizable).

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury.  *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992).  A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee*, 199 F.3d at 300. Plaintiffs must allege defendants were personally involved, because "[Section] 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Thus, to hold a supervisor liable under Section 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Against this backdrop, Plaintiff has failed to state a claim against any of the Defendants in their individual capacities. Plaintiff does not make ***any*** allegations that ***any*** Defendant was personally involved in, or had knowledge of, ***any*** of the events or decisions referenced in his Complaint. (*See generally* Complaint, ECF No. 1.) In fact, Plaintiff's Complaint does not reference any of the Defendants by name at all, making it impossible for this Court to determine the nature or extent of each Defendant's involvement – even at this preliminary stage, when the Court takes all pleaded facts as true.

Plaintiff's Complaint thus fails to give rise to a plausible inference that any of the Defendants were actively engaged in any unconstitutional behavior as a result of their

6

supervisory positions or handling of Plaintiff's grievances.  The Complaint should be dismissed against all Defendants on this basis alone.

### 2. Plaintiff's Injury

Even if, *arguendo*, Plaintiff had properly alleged that Defendants were sufficiently involved, Plaintiff nevertheless has failed to allege a specific injury he sustained as a result of Defendants' conduct.  "To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant."  *Ray v. Caruso*, No. 08-15208, 2009 WL 2230935, at *3 (E.D. Mich. July 22, 2009) (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976)).  "The law has long been that 'a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury.'"  *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986)).

Here, Plaintiff alleges that he felt his seizure medication "was not working," Defendants allegedly denied Plaintiff's request to be seen by a different doctor, and Plaintiff alleges that this denial "led to an injury later."  (ECF No. 1 at PAGED ## 5-6.)  Plaintiff does not, however, allege what "injury" he sustained, let alone how this "injury" was proximately caused by Defendants.  Such nonspecific factual allegations are insufficient.  *Iqbal*, 556 U.S. at 678 (2009) (A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557); *see also Russell v. Tennessee Dep't of Correction*, 99 F. App'x 575, 577 (6th Cir. 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (collecting cases). Even when considering Plaintiff's *pro se* status, *Garrett*, 2010 WL 1252923, at *2, this Court

7

must conclude that Plaintiff has failed to state a claim upon which relief can be granted. The Complaint thus should be dismissed for this additional reason.

**B.     Qualified Immunity**

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "'Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 914 (6th Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "To determine whether an officer is entitled to qualified immunity, a court evaluates two independent prongs: whether the officer's conduct violated a constitutional right, and whether that right was clearly established at the time of the incident." *Id.* at 914–15 (citations omitted).

Here, the Court finds that Plaintiff has not pled that Defendants' conduct violated any of Plaintiff's constitutional rights. Accordingly, Plaintiff's claim fails at the first prong of the qualified immunity inquiry. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his or her] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained

8

as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is obvious, it can be inferred that the defendants had knowledge of the risk. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

   Plaintiff must satisfy both the objective and subjective components to adequately state a claim for medical deliberate indifference. First, the objective component mandates that a

9

plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (internal citations omitted). Here, Plaintiff has failed to do so. As Defendants point out, Plaintiff "does not allege that Defendants consciously disregarded the risk associated to Plaintiff's seizure condition," nor "that he did not receive any medical treatment at all." (ECF No. 44 at PAGEID # 166.) Plaintiff only alleges that he felt his seizure medication "was not working," and Defendants failed to grant his request to be seen by a "doctor of competency." (ECF No. 1 at PAGEID ## 5-6.) These allegations are insufficient, as "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch*, 32 F. App'x at 707.

For the same reason, Plaintiff also has failed to meet the subjective component of a deliberate indifference claim. In order to demonstrate deliberate indifference to his medical needs, Plaintiff must also allege that Defendants subjectively perceived a substantial risk of serious harm and disregarded that known risk in his treatment. *Blackmore*, 390 F.3d at 896. Plaintiff has not done so and does not include any allegations that suggest that any of the Defendants could, or did, perceive that Plaintiff was experiencing a life-threatening situation. (*See generally* ECF No. 1.)

Even under the less stringent standards applicable to Plaintiff as a *pro se* litigant, the Court finds that Plaintiff has failed to allege that any of the Defendants' conduct violated a constitutional right. Accordingly, all of the Defendants are entitled to qualified immunity, and Plaintiff's Complaint should be dismissed for this additional reason.

### C. Plaintiff's *Monell* Claim

As discussed above, to the extent Plaintiff attempted to bring his claims against Defendants in their official capacity, Plaintiff's claims are not cognizable. *See Gean*, 330 F.3d at 766 (6th Cir. 2003) (holding that Section 1983 claims against agents of the state in their official capacity are not cognizable). Regardless, for the sake of completeness, to the extent Plaintiff set out to sue Defendants in their official capacities, a suit against a government employee in their official capacity is essentially a suit against the government entity itself. *Wessendarp v. Berling*, No. 1:12-CV-559-HJW, 2013 WL 3353886, at *12 (S.D. Ohio July 3, 2013). The landmark Supreme Court case, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), imposes municipal liability under Section 1983 when (1) a constitutional violation has occurred and (2) the municipality is responsible for that violation, based on the "execution of a government [ ] policy or custom." *Marsili v. Vill. of Dillonvale, Ohio*, No. 2:12-CV-00741, 2014 WL 1922236, at *19 (S.D. Ohio May 13, 2014) (citing *Doe v. Claiborne Cnty.,* 103 F.3d 495, 505 (6th Cir.1996); *Monell*, 436 U.S. at 694)).

As discussed above, Plaintiff has failed to allege that a constitutional violation has occurred. Regardless, however, Plaintiff also has failed to identify, let alone to implicate, a government policy or custom that was allegedly responsible for such a violation. Accordingly, even if this Court were inclined to construe Plaintiff's claims as against a government entity or municipality, this Court finds that Plaintiff has failed to meet both elements of a *Monell* claim.

### IV. CONCLUSION

For the reasons stated above, the Undersigned finds that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 44) be **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 23, 2020                 */s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**